UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NGOC PHAT TRAN, #459634,
a/k/a QUANG HANG,

       Petitioner,

                                        Case No.  1:06-CV-428

v.

                                        HON. ROBERT HOLMES BELL

MARY BERGHUIS,

       Respondent.
                               /

**ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION AND
<u>DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

On May 30, 2014, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Petitioner's § 2254 petition for writ of habeas corpus be denied . (ECF No. 74.) This matter is before the Court on Petitioner's objections to the R&R.  (ECF No. 77.)  This Court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner objects to the R&R's denial of his motion to stay proceedings to enable him to return to the state courts for purposes of presenting a Sixth Amendment claim challenging his sentence under *Alleyne v. United States*, 133 S. Ct. 2151 (2013).  Petitioner's objection lacks merit.  The Magistrate Judge correctly determined that Petitioner's request for a stay

is pointless because *Alleyne* had not been decided at the time the state courts rendered their decisions in Petitioner's case. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1399 (2011) (holding that under § 2254(d)(1), state-court decisions are measured against the Supreme Court's precedents as of the time the state court renders its decision). Petitioner's request for a stay is also pointless because the Supreme Court has not made *Alleyne* retroactive to cases on collateral review. *In re Mazzio*, No. 13-2350, — F.3d —, 2014 WL 2853722, at *2 (6th Cir. June 24, 2014).

Petitioner's remaining objections relate to his trial related claims (issues I-VII). Petitioner does not object to the Magistrate Judge's articulation of the applicable law as to any of these claims, but to his application of the law to the facts. Issue I relates to the exclusion of evidence that someone saw a gun at the bar after the incident. Petitioner contends that the exclusion of this evidence deprived him of the ability to present evidence that corroborated his version of the events. The R&R addressed this issue in detail. (R&R 33-39.) Upon de novo review, the Court is satisfied that the R&R correctly found that the evidentiary ruling did not deprive Petitioner of his constitutional right to present a defense or his constitutional right to confrontation.

The only objections Petitioner has identified on the remaining claims (Claims II-VII) are linked to his claims regarding exclusion of the gun evidence. (Obj. 12-13.) Because this Court has overruled Petitioner's objection with respect to the exclusion of the gun evidence, the Court similarly finds no merit to these related arguments.

Petitioner has also requested that the Court conduct a *de novo* review of the entire case pursuant to *Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991). Plaintiff's reliance on *Salve* is misplaced. *Salve* addressed de novo review by an appellate court, not objections to an R&R. By statute, this Court is only required to conduct a de novo of those portions of the R&R to which "objections" have been made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) (requiring "specific written objections"). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Petitioner's request for de novo review of the entire case does not identify specific issues of contention. His request will accordingly be denied.

Finally, Petitioner has requested the Court to grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c). An appeal may not be taken from a final order in a habeas case unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The district court must issue or deny a certificate of appealability at the time it enters a final order adverse to the petitioner. Rule 11(a) of the Rules Governing § 2254 Cases. The district court need not await an appeal or an application for a certificate. *Castro v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002). Where the district court has rejected a habeas claim on the

merits, section 2253(c) requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim [ ] debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner asserts that his objective in filing for habeas relief was not to harass or delay, but to obtain relief on his federal constitutional claims. The Court does not dispute this assertion. Nevertheless, Petitioner has not made a substantial showing of the denial of a constitutional right nor has he shown that the Court's assessment of his constitutional claims is debatable or wrong. Accordingly, a certificate of appealability will be denied. For the reasons stated,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (ECF No. 77) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the May 30, 2014, Report and Recommendation of the Magistrate Judge (ECF No. 74) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Dated: August 18, 2014                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE